## J. R. SIMPSON v. D. D. MARKWOOD et als.

1. DAMAGES. *Measure of in trespass. Vindictive. When allowed.* In an action of trespass for breaking into plaintiff's dwelling and taking and carrying off plaintiff's pistol, the value of the property taken or destroyed is the measure of damages, but the jury may also allow vindictive damages in their discretion.

2. SAME. *Special. No recovery beyond averment.* If the declaration contains no allegation of personal violence to plaintiff as a ground for special damage, no damages of the kind can be recovered, though the proof shows that he was subjected to such violence.

3. JUSTIFICATION. *Plea of not sustained by proof.* Where the defendant justified the trespass by stating in his plea that he was acting under military orders in committing it, proof of verbal instructions by military commander will not sustain the averment—military orders in this technical sense being written or printed.

### FROM WASHINGTON.

Appeal from a judgment of the Circuit Court at Jonesboro—rendered.

No counsel marked.

MCFARLAND, J., delivered the opinion of the court.

This was an action in which the plaintiff, in his declaration, alleges that the defendants, with force and arms, broke and entered a certain close and dwelling-house of the plaintiff, and made a great noise and disturbance for a long space of time, to-wit, one day; and then and there took and carried off the plaintiff's goods, to-wit, one pistol.

The proof shows that the defendants went to the

Simpson *v.* Markwood.

plaintiff's house in the day-time and required the plaintiff to deliver the pistol to them. He did this, under duress and intimidation. The proof is somewhat in conflict as to the manner of the defendants at the time. It also shows that the defendants required the plaintiff to go with them, and after taking him a short distance they whipped him severely with clubs and switches. There is no averment of this in the declaration. The judge instructed the jury that they might, in addition to the value of the property taken, give vindictive damages if it appeared that the conduct of the defendants was wanton and malicious. The jury only gave, however, ten dollars damages, the value of the pistol. The plaintiff moved for a new trial, which was refused, and therefore appealed in error.

There being no allegation as to the violence inflicted upon the plaintiff as a ground of special damage, the plaintiff was not entitled to recover damages for this.

As to the vindictive damages claimed, this was a matter of discretion with the jury; and if the question was fairly left to them, we could probably not reverse for their failure to allow such damages.

The defendants pleaded, in addition to the pleas of not guilty and the statute of limitations, that they were justified under military orders issued by Colonel Patton, commanding the regiment to which they belonged. Upon this there was issue. There was no proof of such order; but Colonel Patton was examined as a witness, and proved over the plaintiff's objection that he gave instructions to his command to

disarm disloyal citizens in 1864 and 1865, and when they were sent out as scouts. They were not orders, but instructions; orders were written or printed, instructions verbal; don't know that these instructions were ever withdrawn; says he was not in command of his regiment during May, June, and July, 1865, the time of this occurrence; can't say that ever gave defendants orders to disarm rebels; says he don't know that he ever had any general orders to disarm rebels, but thought it an implied duty. It was proven by other witnesses against plaintiff's objection that he was a rebel. All this evidence did not tend to prove the plea of justification. No order was offered. The evidence was irrelevant and calculated to prejudice the jury, and for this the judgment will be reversed and a new trial awarded.