108  251
110  407
e110  478

AMERICAN LEAD PENCIL CO. *v.* DAVIS.

*(Nashville.* December 21, 1901.)

1. EVIDENCE. *General exceptions insufficient.*

    General exception to evidence, *e. g.*, "defendant excepted to the question," is bad. (*Post, pp. 253, 254.*)

    Cases cited: Crane *v.* State, 94 Tenn., 86.

2. SAME. *Of condition of machinery after injury was inflicted.*

    In an action for an injury inflicted by machinery it is competent to show, in corroboration of plaintiff's statement, the location and condition of the machinery soon after the accident, especially where it appears there had been no repairs or change in the meantime. (*Post, pp. 253, 254.*)

    Case cited and distinguished: Railroad *v.* Wyatt, 104 Tenn., 433.

3. DAMAGES. *Correct charge as to allowing exemplary.*

    In an action for an injury to a child caused by its negligent exposure to dangerous machinery an instruction that makes "gross negligence" on the part of the defendant, or "reckless disregard of the safety of the child," if proven, a basis for punitive or exemplary damages, in the discretion of the jury, is correct. (*Post. pp. 254-257.*)

    Cases cited: Byram *v.* McGuire, 3 Head, 532; Dougherty *v.* Shown, 1 Heis., 306; Robins *v.* Frazier, 5 Heis., 101; Haley *v.* Railroad, 7 Bax., 242; Cox *v.* Crumley, 5 Lea, 533; Railroad *v.* Guinan, 11 Lea, 103; Transportation Co. *v.* Smith, 16 Lea, 501; Knoxville Traction Co. *v.* Lane, 103 Tenn., 388; Telep. & Teleg. Co. *v.* Shaw, 102 Tenn., 318.

4. SAME. *Charge as to exemplary justified by the facts.*

    The Court is justified in submitting the question of allowance of exemplary damages to the jury in a case where the evidence shows that the plaintiff, though only ten years old and inexperienced, was, by the defendant, without any warning or instructions, put to work near uncovered and dangerous ma-

American Lead Pencil Co. *v.* Davis.

chinery, from contact with which, while moving from one position to another in the effort to discharge his duty as directed, he sustained the injury, by loss of an arm, for which he sues. (*Post, pp. 256, 257.*)

5. SAME. *Same.*

If the evidence tends to show gross negligence and recklessness on the part of the defendant, the Court is justified in submitting the question of allowing exemplary damages to the jury. And the Court determines whether there is such tendency in the proof and the jury judges of the sufficiency of the facts to justify the allowance of exemplary damages. (*Post, p. 257.*)

6. SAME. *Erroneous charge as to exemplary damages cured.*

Where it is clear that the jury did not allow exemplary damages, the erroneous submission of that question to them does not constitute reversible error. (*Post, p. 257.*)

7. VERDICT. *Not set aside for excessiveness.*

A verdict in an action for personal injuries will not be set aside as being excessive unless the amount allowed is so large as to evince passion, prejudice, partiality, caprice, or corruption on the part of the jury. The verdict of $2,875, allowed in this case, evinces no such vice. (*Post, pp. 257, 258.*)

Case cited: Packet Co. *v.* Hobbs, 105 Tenn., 46.

---

FROM MARSHALL.

---

Appeal in error from the Circuit Court of Marshall County. W. C. HOUSTON, J.

MARSHALL & ARMSTRONG for Lead Pencil Co.

SMITHSON, ARMSTRONG & NEIL and THOMPSON & WALLACE for Davis.

CALDWELL, J.    While in the employment of the American Lead Pencil Company, at its factory in Lewisburg, Tennessee, Clarence J. Davis, a boy ten years old, received such personal injuries as necessitated the amputation of his right arm.    By his father, as next friend, he brought this action against the company and obtained verdict and judgment for $2,875.00 as damages.

The company prosecutes this appeal in error from that judgment, and raises several objections to the proceedings below.

1. It was the duty of the plaintiff, in the course of his work for the defendant, to tie in bundles the penholders that dropped from each of two planers into boxes.    These planing machines were near each other, and in close proximity to the pulley on which the plaintiff was caught and injured.

With a view of corroborating his own testimony as to the location and unprotected condition of these machines, the plaintiff introduced James Bearden, who testified as follows: "I worked there after Davis was hurt.    I know how the planers were arranged and located while I worked there, but don't know how it was when plaintiff was hurt.    There were three machines side by side.    Two were from four to six feet apart, (and) there was no protection from the belt or pulley while I was there."

This statement about the situation was admitted

over objection of the defendant, and its admission is assigned as error.

The assignment is bad, because the objection was general, being "defendant excepted to the question." *Crane* v. *State,* Ib., 86; also because testimony relating to condition soon after catastrophe, nothing else appearing, was competent as tending to show condition at that time; and, finally, because the next witness said: "Machines (were) in same place and condition when Jim Bearden worked there that they were when Davis worked there."

If the testimony excepted to had disclosed the fact of subsequent repair of supposed defect in condition or arrangement of machinery, it would have been incompetent under the principle announced in *Railroad* v. *Wyatt,* 104 Tenn., 433. But such was not the purport of the testimony; it indicated no change in the *locus in quo.*

2. Again it is assigned as error that the Court charged the jury that they might allow punitive or exemplary damages if they believed, from all the facts and circumstances, that the defendant was "guilty of gross negligence," or acted in "reckless disregard of the safety of the child."

The objection is twofold:

(1) That the instruction was unsound in law, and (2) that it was not justified by the evidence.

Neither point is well taken. The instruction correctly makes either "gross negligence" on the part of the defendant, or its "reckless disregard of the safety of the child," if proven, a basis for punitive or exemplary damages, in the discretion of the jury.

"Gross negligence," which is the milder of the two expressions, is one of the terms used by the authorities in stating the general rule, that such damages are allowable in actions of tort whenever "fraud, malice, gross negligence or oppression" intervenes. Exactly those four terms are so employed in Sedgwick on the Measure of Damages (6th ed.), at page 35, and in many of our cases, including the following: *Byram* v. *McGuire,* 3 Head, 532; *Dougherty* v. *Shaver,* 1 Heis., 306; *Robins* v. *Frazier,* 5 Heis., 101; *Haley* v. *Railroad,* 7 Bax., 242; *Cox* v. *Crumley,* 5 Lea, 533; *Railroad* v. *Guinan,* 11 Lea, 103; *Transportation Co.* v. *Smith,* 16 Lea, 501; *Telp. & Telg. Co.* v. *Shaw,* 102 Tenn., 318; *Traction Co.* v. *Lane,* 103 Tenn., 388, 389.

Gross negligence, then, is undoubtedly one ground for the allowance of punitive or exemplary damages; and for the greater reason is that degree of turpitude described by the stronger expression of the charge—"reckless disregard of the safety of the child"—also a ground for the allowance of such damages.

Sutherland gives support for the latter form of

expression when, in discussing the subject, he says damages of this kind "are allowed when a wrongful act is done with a bad motive; or so recklessly as to imply a disregard of social obligations; or where there is negligence so gross as to amount to misconduct and recklessness." 1 Suth., Damages (2d ed.), p. 845.

That language of Sutherland was adopted by this Court in two of the cases just cited (11 Lea, 103; 103 Tenn., 389), and also in *Railway* v. *Lee,* 90 Tenn., 573, as another mode of stating some of the grounds for allowing damages of this kind.

The Supreme Court of the United States expresses the same general thought in somewhat different phraseology, not confining itself to any particular words. *Day* v. *Woodworth,* 13 How., 371; *Milwaukee* v. *Arms,* 916, S., 493; *Scott* v. *Donald,* 165 U. S., 86.

None of these authorities deny, but, on the contrary, all of them that are to the exact point, in effect, affirm that what amounts to *gross negligence* under the facts of the particular case, or to *a disregard of the safety of the person injured,* is a discretionary ground for punitive or exemplary damages; and in that affirmation they give the amplest support to the present instruction of the trial Judge.

The testimony of the plaintiff was to the effect that he, though only ten years old and inexpe-

rienced, was, by the defendant, without any warning or instructions, put to work near uncovered and dangerous machinery, in consequence of which, while moving from one position to another in the effort to discharge his duty, as directed, his arm was caught, and the injuries for which he sues were inflicted upon him.

This testimony unmistakably *tends* to show gross negligence and recklessness on the part of the defendant, and that tendency was enough to justify the submission of the question to the jury. "It is for the Court to determine whether the evidence tends to show facts which warrant exemplary damages; the sufficiency of the facts is for the jury." 1 Suth., Damages (2d ed.), Sec. 403, p. 867.

So, the instruction complained of was both sound in law and justified by the evidence.

Moreover, it is clear that the jury did not allow punitive or exemplary damages. That being true, the instruction, if not correct, as it has been found to be, would be harmless and, therefore, not ground for reversal.

3. Finally, the only other assignment of error that need be mentioned is that which complains of the verdict as excessive; and this may be disposed of very briefly.

In cases of this character, actions for personal injuries, it is always the duty of the jury, in the first instance, to determine the amount of

compensatory damages it will allow; and the Court is authorized to interfere on the ground of excessiveness only when the allowance is so large as to evince passion, prejudice, partiality, caprice, or corruption on the part of the jury. *Packet Co.* v. *Hobbs,* 105 Tenn., 46.

The present verdict evinces no such vice. A fair and impartial jury might reasonably allow $2,875.00 as compensation for the pain, anguish, and dismemberment found to have been suffered by the plaintiff through the negligence of the defendant.

Affirmed.