## RAILROAD COMPANY *v.* LINDAMOOD.

### (*Knoxville.* September Term, 1902.)

**1. EVIDENCE. Of condition of car appliances after injury, when.**

Where, in an action for injuries caused by defective appliances or machinery on a car, the condition of the appliances or machinery at the time of the injuries is the material inquiry, evidence of the condition before and after the accident may be received, where it is also shown that there was no change in the condition between the time testified to and the occurrence of the injuries. (*Post, pp.* 411-412.)

**2, SAME. Continuance of condition presumed, when.**

In such case, evidence is also admissible of conditions existing so short a time before or after the accident as, under the circumstances, to warrant an inference of fact that the same conditions existed when the injuries were received. (*Post, p.* 412.)

Cases cited: Amer. Lead Pencil Co. *v.* Davis, 108 Tenn., 251; Rosenbaum *v.* Shiffner, 98 Tenn., 628.

**3. SAME. Of condition remote and unconnected, not admissible.**

But where the testimony refers to a condition existing thirteen months after the injuries were received, and it does not appear that the conditions were the same at the time of the injury and that testified to, the evidence is not admissible. (*Post, p.* 412.)

Case cited: Sievers *v.* Peters, 151 Ind., 642.

**4. SAME. Same. Case in judgment.**

Plaintiff, Lindamood, was a brakeman in the employ of plaintiff in error, and, while so engaged, received injuries alleged to have been caused by a defect in a brake rod on a

car, in that the eye bolt was too near the deadwood, which caused the brake to lurch forward. There was no positive proof as to the condition of these appliances at the date of the injury, but, over the objection of defendant, evidence was admitted tending to show that they were in the defective condition alleged thirteen months after the accident, when it was claimed that the defects were first discovered. There was proof that the car had been in a wreck between the date of the injury and the discovery of the defects. Plaintiff insisted that the defect was one inherent in the manufacture of the brake rod and the construction of the car and endeavored to connect the condition shown, by the testimony excepted to, to exist thirteen months after the accident with the condition at that time, by proof that the brakes had been on the car since its manufacture and the deadwood from four to six years, which, it was insisted was *prima facie* proof that no change has taken place and made the evidence excepted to admissible. It appeared that prior to the accident the car had been in the repair shop for inspection and, on examination, showed no defects, but at some time it became defective by "give away" of the carrier iron. Judgment in the court below for plaintiff. Defendant appealed and assigned as error the admission of the testimony with respect to the condition of the brake rod and deadwood thirteen months after the accident.

HELD:  The testimony was not admissible, either to show defective construction or defects at time of accident, because too remote from time of, and in no way connected with, the. injury.

FROM  WASHINGTON.

Appeal in error from Circuit Court of Washington County. C. J. ST. JOHN, Special Judge.

KIRKPATRICK, WILLIAMS & BOWEN and TIPTON & MILLER, for Railroad Company.

Railroad Co. v. Lindamood.

ROBERT BURROW and ISAAC HARR, for Lindamood.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

Plaintiff below recovered a verdict and judgment against the company for the sum of $10,000 as damages for personal injuries. The case has been three times tried. On the first trial the jury disagreed, and a mistrial was entered. The second trial resulted in a verdict against the company for $10,000, which was set aside by the court for misconduct of the jury in examining the car on which the accident occurred. On the third and last trial the jury again found in favor of plaintiff, and assessed the damages at $10,000. The company appealed, and has assigned errors.

The first assignment we shall notice is, that the trial judge erred in admitting evidence, introduced by plaintiff, as to the condition of the brake and deadwood on the car in question over one year after the injury to plaintiff, and that it was error not to exclude said testimony, on motion of the company, after plaintiff's own testimony had developed the fact that between the date of plaintiff's injury and the date of the discovery of the alleged defect, said car had been in a wreck, and its appliances afterwards repaired.

It is conceded that on the first trial of the case the ground of recovery alleged was a defect in the

brake chain, in that it was too long, and thereby piled up and wrapped itself around the iron brake staff, and over itself, so that, when plaintiff applied his strength on the brake wheel to fasten the brake, the chain slipped, causing plaintiff suddenly to fall from the car.

On the second trial, the long-chain theory as the cause of the accident was abandoned, and an amended declaration filed, alleging that the injury was occasioned by defects in the deadwood and eyebolt of the brake rod. Plaintiff claimed that he did not know of these defects until after the first trial. The new theory was that the eyebolt in the brake rod was too near the deadwood, and that in the application of the brake rod, the eyebolt would pass under the deadwood, rubbing it, and, when released from the deadwood, would permit the brake to lurch suddenly forward.

Plaintiff was not examined on the last trial to state how the accident was brought about, but his father, who was also master mechanic of defendant company, testified that the eyebolt should be one inch under the deadwood, and, if it should strike it, a friction would be caused, and the brake would stop. This witness was asked when he first noticed this car, with reference to the deadwood. He answered, "About the time of the first trial." It is admitted the first trial occurred in December, 1900, and the accident happened in November, 1899. It thus ap-

Railroad Co. v. Lindamood.

pears that the car was not examined by the witness, and the defect discovered, for more than one year after the accident. Counsel for defendant interposed an objection that the time was too remote, but the objection was overruled, and the witness stated that, when he examined the car, "the deadwood, where the eyebolt goes under, had been worn off from one half to three quarters of an inch deep. It was also worn under the deadwood. The carrier iron had worn, and it had been screwed up until it threw it up too far, and it had been cutting into the deadwood timber there." Another witness (a carpenter) was examined by plaintiff, and testified that he examined the deadwood and brake appliances over a year after the accident, and the result of his examination was to the same effect as that of the other witness. This testimony was also heard over the objection of defendant's counsel.

This testimony, standing alone, was clearly incompetent. It was too remote from the time of the accident to illustrate the condition of the deadwood and brake appliances at that time, or to afford any fair inference of its condition then. It was not accompanied by other evidence showing that these appliances remained in the same condition from the date of the injury to date of examination made by the witnesses. In 21 Amer. & Eng. Encl. Law (2d Ed.), 517, the rule is thus stated: "While in negligence cases the condition of the appliances, structure or premises at the very time and

place of the injuries, is the material inquiry, evidence of conditions before or after the accident may be received where it is also shown that the conditions testified to remained unchanged down to the occurrence of the injuries, or to the time to which the evidence relates. So, evidence is admissible of conditions existing so short a time before or after the accident as, under the circumstances, to warrant an inference of fact that the same conditions existed when the injuries were received." See, also, 20 Amer. & Eng. Encl. Law (2d Ed.) 86; *Amer. Lead Pencil Co.* v. *Davis,* 108 Tenn., 251 (66 S. W., 1129) ; *Rosenbaum* v. *Shoffner,* 98 Tenn., 628 (40 S. W., 1086).

In the case at bar the intervening time was thirteen months, and there was evidence to show that during that time this car had been in a wreck, and the brake rod and appliances taken off and repaired. It is possible, too, that the wear on the deadwood may have occurred during these intervening thirteen months since the accident.

It is conceded by counsel for defendant in error that proof of the condition of the brake rod, eyebolt, and deadwood a year or more after the accident would be inadmissible if nothing else appeared. But his insistence is that this testimony was made competent by the additional statement of the witness Lindamood that the brake staff had been there ever since the car was manufactured, and that the deadwood had been there, from its general appearance,

from four to six years.   It is then argued that as
the eyebolt is a part of the brake staff, and as both
brake staff and deadwood were fastened on the car
when it was manufactured, and as the witness stated
that both had been there from four to six years, that
was of itself *prima facie* proof that no change had
taken place, and made the evidence admissible.   In
other words, counsel insists that the defect was one
in construction, and proof of its defective condition
in December, 1900, would tend to prove same defect
in November, 1899, when the accident happened.
But we think this position a *non sequitur*.   There
is no proof that the defects in the appliances were
made in the original manufacture or construction of
the car.   The mere fact, as proved by Mike Linda-
mood, that the brake staff had been there ever since
the car was manufactured, and that the deadwood,
from its general appearance, had been there from four
to six years, does not even tend to prove that the
defects in these appliances had been there for that
length of time, or were there at the time of the in-
jury.   There was proof tending to show that this
car No. 70 had, prior to the accident, been in the
repair shop for inspection, and examination of it dis-
closed no defects.   It became defective at some time
by "a give away" in the carrier iron, by reason of
the wearing away of the timber to which it was at-
tached; and, the carrier iron having been screwed
up too far, it threw the eyebolt up so high that it

rubbed and cut into the deadwood. This was the testimony of Mike Lindamood, the father of plaintiff, and master mechanic of the road, from which it is shown that the defect described was not in the original construction of the car, but occurred thereafter, in the use and operation of the car. The exact language of the witness was that the carrier iron had worn off the timber it was on, "by usage of the draw-head until it got too tight under there, and raised the eyebolt up too far." The effect of turning the brake, if the eyebolt struck the deadwood, would be to cause a friction against the deadwood, and stop the brake, says the witness.

We are of opinion that the testimony offered was too remote from the time of the injury to be admissible—whether it was offered to show defective construction or defects that occurred afterwards—there being no connecting link between the condition shown thirteen months after the accident and the condition at time of injury. *Sievers* v. *Peters,* 151 Ind., 642 (50 N. E., 877; 52 N. E., 399).

The judgment of the circuit court is therefore reversed, and the cause remanded.