GEORGE BOLDEN *v.* STATE.

(*Jackson.* April Term, 1918.)

1. **HOMICIDE.** Eviaence. Corpus delicti.

To establish the *corpus delicti* in homicide cases, the evidence must show that the life of a human being has been taken, which question involves the subordinate inquiry as to the identity of the person charged to have been killed, but may be proved by circumstantial evidence, especially where that is the best proof obtainable. (*Post, p. 120.*)

2. **CRIMINAL LAW.** Documentary evidence. ''Entries in regular course of business.

"Entries in regular course of business," receivable as original evidence, consist of a setting forth of record of a fact or facts currently by one in the usual or routine course of business by an enterer under duty so to do; such entry importing trustworthiness, in that a motive to make the entries falsely is excluded. (*Post, pp. 120, 121.*)

3. **CRIMINAL LAW.** Hearsay evidence.

Such rule is treated as an exception to the hearsay rule, founded upon the necessity of the case. (*Post, pp. 121, 122.*)

Case cited and distinuished: Chaffee v. United States, 18 Wall. (85 U. S.), 516.

4. **CRIMINAL LAW.** Evidence. Entries in regular course of business.

Entries made in the regular course of business are not receivable in evidence, if the enterer can be produced to testify in person to the matters he has recorded. (*Post, p. 122.*)

5. **WITNESSES.** Refreshing recollection. Admission of record.

Where the memory of one who has made entries in the regular course of business has failed, he may testify that entries were correctly made by him at the time, and such entries may then be admitted. (*Post, p. 122.*)

Bolden v. State.

Case cited and approved: People v. Mitchell, 94 Cal., 550.

6. **WITNESSES.** Testimony from hospital record.

A hospital superintendent's testimony, from entries in a hospital record, were incompetent, where he did not testify that such record was correctly kept by his subordinates. (*Post, p.* 122.)

7. **HOMICIDE.** Sufficiency of evidence. Corpus delicti.

Where the only proof of death was a hospital superintendent's testimony from the hospital record, not made by him, but which was under his control, and which he did not testify were correctly kept, a judgment of conviction will be reversed. (*Post, p.* 122.)

FROM SHELBY.

Appeal from the Criminal Court of Shelby County.—Hon. T. W. Harsh, Judge.

C. P. Roberts, for appellant.

Joshua Barton, Assistant Attorney-General, for the State.

Mr. Justice Williams delivered the opinion of the Court.

Plaintiff in error was convicted of murder in the first degree, with mitigating circumstances, on the body of one George Norman, and he has appealed to this court.

The only proof claimed by the State to have been made of the death of Norman was the testimony of

the superintendent of the City Hospital in Memphis, to which institution Norman was taken after he was shot by Bolden. The superintendent testified in substance as follows:

He produced and filed the record of George Norman as a patient in the hospital, showing by its recitals that the latter was admitted on the day of the shooting and died there six days later; the diagnosis being gunshot wound of peritoneum. The witness knew nothing about George Norman, except what the records of the hospital show; the witness did not make the entries in the record, but they were made at his direction, and under his control and supervision, and it was part of his duty as superintendent to see that they were correctly made. Witness did not know George Norman; had never seen him. He does not know, of his own knowledge, whether Norman is dead or not.

It is insisted by the State that this is sufficient proof of the death of Norman to sustain the conviction.

The evidence to establish the *corpus delicti* in cases of homicide must show that the life of a human being has been taken, which question involves the subordinate inquiry as to the identity of the person charged to have been killed; but the *corpus delicti* may be proved by circumstantial evidence, especially where that is the best proof obtainable.

"Entries in regular course of business" consist of a setting forth of record of a fact or facts cur-

rently by one in the usual or routine course of his business, by an enterer under duty so to do. They are receivable as original evidence, because they import trustworthiness, in that a motive to make the entries falsely is excluded.

The rule is treated as an exception to the hearsay rule, founded upon the necessity of the case.

In *Chaffee* v. *United States,* 18 Wall. (85 U. S.), 516, 21 L. Ed., 908, it is said:

"That rule, with some exceptions, not including the present case, requires, for the admissibility of the entries, not merely that they shall be contemporaneous with the facts to which they relate, but shall be made by parties having personal knowledge of the facts, and be corroborated by their testimony, if living and accessible, or by proof of their handwriting, if dead, or insane, or beyond the reach of the process or commission of the court. The testimony of living witnesses, personally cognizant of the facts of which they speak, given under the sanction of an oath, in open court, where they may be subjected to cross-examination, affords the greatest security for truth. Their declaration, verbal or written, must, however, sometimes be admitted when they themselves cannot be called, in order to prevent a failure of justice. The admissibility of the declaration is in such cases limited by the necessity upon which it is founded."

Hospital records of the condition of patients are held to be competent as entries by a third and dis-

interested person made in the routine of the business of the hospital.  5 Enc. Ev., 273.

But, as seen above, such entries are not to be received in a criminal case, if the enterer can be produced at the trial to testify in person to the matters he has recorded.  *People* v. *Mitchell,* 94 Cal., 550, 29 Pac., 1106.  If, however, his memory as to the facts recorded has failed, he may testify that the entries were correctly made by him at the time, and then the entries may be admitted.

In the pending case the superintendent of the hospital does not even testify that the record was correctly kept by his subordinates, and we are of opinion that the testimony was incompetent.

The proof offered in the instant case does not stand upon a plane higher than hearsay.

This being the only proof of the death of the person proven to have been shot by plaintiff in error, a reversal of the judgment results.

Remand for a new trial.