SHELTON *v.* MARTIN.

(*Nashville*, December Term, 1943.)

Opinion filed December 17, 1943.

JAY C. EVANS, of Nashville, and ROBT. L. KEELE, of Manchester, for plaintiff in error.

BEN KINGREE, JR., of Shelbyville, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This suit was brought by Shelton against Martin in the Circuit Court of Coffee County. On a plea of the gen-

eral issue there was a judgment for the defendant. A motion for a new trial was overruled and an appeal perfected to the Court of Appeals, which affirmed the judgment of the Trial Court.

The facts may be briefly stated. The plaintiff was run over by an automobile at about 7:00 o'clock in the evening, after dark, on a lateral road near Manchester, Tennessee. That the plaintiff was severely injured is not disputed. The automobile which struck him was being driven at a high and dangerous rate of speed, struck a culvert, and thereafter ran over the plaintiff, who in order to avoid injury, had tried to leap out of the path of the oncoming automobile. The essential question in the case is the identity of the driver of the automobile. The defendant Martin denied that he was the driver and introduced evidence that at the time of the alleged accident he was in Manchester, and therefore could not have been the driver of the automobile. Since both the Trial Court and the Court of Appeals have concurred in affirming the judgment for the defendant on the evidence, our province is limited to a determination of whether or not there was substantial evidence to support the joint finding of the lower Courts.

Plaintiff below has filed petition for *certiorari,* making four assignments of error, which however present but two questions:

(1) The admission of certain testimony on the cross-examination of one of plaintiff's witnesses, which is alleged to have been incompetent and therefore improperly admitted.

(2) A part of the charge of the Court on the effect that should be given the failure of the plaintiff to call a witness to testify who was under his subpoena and had testified for plaintiff on two former trials of the case.

It is insisted that this part of the charge constitutes reversible error.

■ The plaintiff made a number of objections to the cross-examination of a witness (Mrs. Shelton) and there is some doubt whether the Court sustained or overruled these objections. Speaking generally, we think that before the Trial Court can be put in error for the admission or rejection of testimony that it must be clearly shown that the attorney who considered himself aggrieved insisted on a ruling, and that the Court failed or refused to make one, or that on such insistence, the Trial Court made a ruling and that such ruling was erroneous. This record fails to show that plaintiff's attorney ever insisted on a more definite ruling than the trial court gave, or that he ever asked the Court to instruct opposing counsel to desist from the line of questioning to which he is now objecting.

Omitting the intervening testimony, the dialogue between the attorney and the Court in this part of the record, was as follows:

"Mr. Evans: We object to that, if your Honor please,

"The Court: *Sustained.* (Our emphasis.)

. . . . . .

"Mr. Evans: We except, if the Court please, to all of this questioning.

"(No ruling by the judge.)

. . . . . .

"Mr. Evans: We are still excepting, your Honor.

"The Court: Yes."

■ If the ruling of the Court was uncertain, plaintiff's attorney would have been within his rights to insist on a definite ruling, and when he failed to do this he must be held to have waived his objection after the objectionable testimony was not ruled on.

458

■ In addition to the reasons given by the Court of Appeals, we think there are several other reasons why this is insufficient to put the Trial Court in error. The form of the foregoing objection did not necessitate a ruling. In effect it merely stated that plaintiff was objecting, and the Court by answering "Yes" acknowledged the fact. The way was then open to plaintiff's counsel, and it was his duty, if he wanted to preserve an exception to be acted on on an appeal, then to state the grounds of his objection and ask for a ruling, unless counsel considered at the time that "Yes" was sustaining his objection or unless he was on that answer waiving it. In either event there must be a definite action by the Trial Court before this Court can review it. Supreme Court Rule No. 14(5) in 173 Tenn. at page 876, and authorities there cited.

Compare *Cooper* v. *State,* 123 Tenn., 37, 147, 148, 138 S. W., 826, 854;

"But, aside from all this, there was no sufficient objection offered to the evidence in the trial court. The objections were in this form: 'We object to that.' 'That is not competent.' 'Defendants object to this testimony.' No reason for the objection was assigned. The rule is undoubtedly that the trial judge cannot be put in error in this manner. A reason for the objection must be stated, so that he may have the opportunity to consider and pass upon it, and avoid the mistake, if any is being made. *Crane* v. *State,* 94 Tenn., 86, 89, 28 S. W., 317, and cases cited; *Amer. Lead Pencil Co.* v. *Davis,* 108 Tenn., 251, 254, 66 S. W., 1129."

■ A portion of the charge of the Court is the basis for the other three assignments of error. That portion of the charge which is alleged to be objectionable may be summarized as follows: The judge charged the jury

that it is a rule of law that if any party to litigation has a witness peculiarly in his keeping, which witness knows material facts but is not produced in the trial and his absence is not accounted for, that the jury is justified in concluding as a presumption of law and an inference of fact, that if the witness had testified his testimony would have been unfavorable to the party to whom he was available, and who did not produce him. The Court further charged that this rule of law was applicable to witnesses for both the plaintiff and the defendant; to the plaintiff because he had not produced a witness named Aubron Shelton, who was under the plaintiff's subpoena, who knew material facts and who had testified for the plaintiff on two previous trials of this case. That the same rule of law was applicable to the defendant in that his mother, who knew material facts, was not called on to testify for the defendant.

When this part of the charge, which consumed about three typewritten pages, was given by the Trial Judge, the defendant made no objection, nor did he offer any special request at the conclusion of the charge in an effort to cure any defect which he saw in it. This under many previous decisions of this Court, was necessary in order to put the Trial Court in error.

"If the trial judge misconceived the contention of the plaintiffs in error, it was their duty, through their counsel, to protest at the time, and have the proper correction made, by special request of other form, before the case was finally given to the jury." *National Hosiery & Yarn Co.* v. *Napper,* 124 Tenn., 155; 170, 135 S. W. 780, 783. Compare *Smith* v. *State,* 159 Tenn., 674, 688, 21 S. W. (2d), 400.

And even if error is conceded in the charge, it is still to be determined whether or not the plaintiff has

suffered by reason of the error. *Lowry* v. *Southern R. Co.,* 117 Tenn., 507, 514, 101 S. W., 1157.

This is by no means clear to us in the present case, and we think that the Court of Appeals correctly held that the portion of the charge complained of did not constitute the basis for reversible error, and was, at most, unnecessary surplusage. However, since during. the argument and in the presence of the jury, the following discussion took place between counsel and the Court, some explanation had to be made:

"During argument of counsel for the defendant reference was made to the failure of the plaintiff to put Auburn (Goldie) Shelton on as a witness and the inference which might be drawn from such failure, to. which the court held as follows:

"The Court: That is a proper argument, or at least I think it can be subject of argument to the jury.

"Mr. Evans: It is not even in the record here that he is our witness and is not in the record that he knows anything.

"The Court: It is in the record that he brought the man up there to Walker's store.

"Mr. Kingree: And it is further in the record that he is present here today.

"The Court: Yes, it is further in the record that he is here.

"Mr. Kingree: And under their subpoena.

"The Court: I think it is proper argument.

"Mr. Evans: Exception."

Though plaintiff's attorney noted an exception, it will be observed that he made no attempt to have the judge admonish the jury not to consider the discussion, nor had he tried to have the jury retired before the discussion took place. Therefore, as the fact that the wit-

ness Shelton was present, but had not testified, was known to the jury, we think the jury was entitled to an instruction on the effect to be given the facts. It is conceded that the law of the charge was as the Court gave it. It is only contended that it was improper for him to give it at all.

If plaintiff's attorney thought that the explanation given to the jury in his charge by the Trial Judge was erroneous, it was his immediate duty to submit a special request to correct the erroneous explanation as given. *National Hosiery & Yarn Co.* v. *Napper, supra.*

We think the opinion of the Court of Appeals was correct as delivered, and we find no merit in the petition for *certiorari,* nor the assignments of error made therein, and it is accordingly denied.