HUGHES et al. v. TAYLOR.—198 S. W. (2d) 337.

Middle Section. July 27, 1946.

Petition for Certiorari denied by Supreme Court, December 7, 1946.

Armistead, Waller, Davis & Lansden and Roberts & Roberts, all of Nashville, for plaintiffs in error.

Norman & Keefe, of Nashville, for defendant in error.

HICKERSON, J. Allen Percy Taylor brought this suit against W. O. Hughes and Tennessee Central Railway Company to recover damages for personal injuries. His cause of action was stated in a declaration of three counts wherein he charged: in the first count, assault and battery; in the second count, false imprisonment; and in the third count, malicious prosecution.

Defendants pleaded the general issue; and, also, pleaded justification based upon self-defense.

The jury returned a verdict in favor of plaintiff upon the first and second counts and awarded compensatory and punitive damages. Upon the third count the verdict was rendered in favor of defendants. Upon the motion for new trial the court directed a verdict for defendants on the second count. Judgment was entered upon the verdict of the jury on the first count for $1,750 compensatory damages and $1,750 punitive or exemplary damages, making a total judgment of $3,500. From that judgment defendants appealed in error here. Plaintiff did not appeal.

So, the case is before this court to review a judgment based upon the first count in the declaration wherein plaintiff alleged: "That the defendant, Tennessee Central Railway Company, is a corporation with its principal office in Nashville, Davidson County, Tennessee. That on August 5, 1944, prior and subsequent thereto, the defendant, W. O. Hughes, was an employee of the defendant, Tennessee Central Railway Company, and carried a deputy sheriff's commission. That the defendant, W. O. Hughes, the servant, agent and employee of the said defendant Railway Company, acting within the scope of his employment and in pursuance of his employment and duties with the defendant Railway Company, viciously, brutally and with reckless disregard of plaintiff's rights, unlawfully assaulted the plaintiff, beating him over the head with a blackjack violently many times, inflicting severe wounds upon plaintiff's head, stunning plaintiff. Plaintiff bled profusely and his clothing was damaged."

The assignments of error raise the following questions: (1) There was no evidence to support any verdict. (2) There was no evidence to support a verdict for exemplary damages. (3) "The court erred in charging the jury with respect to punitive damages." Assignment

VI. (4) The court erroneously charged plaintiff's special request No. 2. (5) The court excluded a statement of the doctor which was made at Nashville General Hospital to plaintiff. (6) The court excluded the memorandum which was made by defendants' witness Cowan in his trainbook. (7) The verdict was so excessive as to show passion, prejudice, or caprice on the part of the jury.

Upon a motion of defendants for directed verdict, "plaintiff is entitled to all legitimate inferences of fact favorable to him which may be reasonably drawn from the evidence tending to support the cause of action stated in his declaration," Prudential Ins. Co. of America v. Davis, 18 Tenn. App. 413, 429, 78 S. W. (2d) 358, 368; and, "the trial judge should take the most favorable view of the evidence supporting the rights asserted by the party against whom the motion is made, and discard all countervailing evidence," Wildman Mfg. Co. v. Davenport Hosiery Mills, 147 Tenn. 551, 249 S. W. 984, 985.

There was material evidence to support the following facts: About ten o'clock on the night of August 5, 1944, plaintiff and another young man were riding in an automobile on First Avenue in Nashville, Tennessee, near Broad Street. Defendant, Tennessee Central Railway Company, had about six box cars standing on the west side of First Avenue, north of Broad Street. Plaintiff requested his friend to park their car and wait for him while he went behind one of these box cars where it was somewhat dark to urinate. Plaintiff did go behind the box car for that purpose and when he had finished he discovered that he had lost some money from his pocket. He leaned over looking for the money when defendant, W. O. Hughes, came up behind him and told plaintiff to get away from the box car. Hughes was dressed in civilian

clothes and did not inform plaintiff he was an officer. Plaintiff told Hughes why he was behind the box car, and that he had dropped some money, and he did not intend to leave. Thereupon, Hughes took plaintiff by the arm, without telling him he was an officer, and forced him away from the car and gave him a shove. When Hughes shoved him, plaintiff started towards him, and Hughes hit him several times with a blackjack, knocking him down and causing him to be unconscious. At the time of this occurrence plaintiff was normal, and not drunk.

Hughes was a special agent or detective for Tennessee Central Railway Company when all this occurred. He was, also, a deputy sheriff. A patrol wagon was called and plaintiff was taken first to Nashville General Hospital, then to jail, then back to General Hospital after staying in jail an hour or two, and from General Hospital to Vanderbilt Hospital and from Vanderbilt Hospital to St. Thomas Hospital where his wounds were dressed.

Plaintiff suffered severe injuries. Hughes struck him in the head with the blackjack. He was an epileptic and had undergone a serious brain operation in an effort to stop these convulsions. Part of his skull had been removed. He seemed to be responding to the operation and was getting better until he was beaten by Hughes. After that time he was worse, and the convulsions came back on him with greater frequency.

Material evidence was introduced to support defendants' theory of the case, to-wit: A switching crew of the railway company came to remove these box cars and found plaintiff there. He was trying to break the seal on the door. The foreman of the switching crew thought he was drunk or crazy. He told plaintiff to get away from the car, but plaintiff refused to do so, stating they had fastened his girl, Sadie, up in the car and he was going

554

to get her out. The engine moved the car a few feet, but plaintiff ran along with it and still tried to break the seal. The foreman left two of the crew with the box car and took the engine back to the depot to get defendant, Hughes, the detective for the railroad company. When they returned fifteen or twenty minutes later, there were five of the train crew, Hughes, and another officer, who was a friend of Hughes (not connected with the railroad), present when the trouble occurred. Plaintiff was still trying to break into the car. Hughes approached him, told him he was an officer, and ordered him to leave the car. Plaintiff refused, so Hughes took him by the arm and forced him away from the car and gave him a shove. When Hughes shoved him, plaintiff came back cursing him and said he would settle with Hughes right there. He struck Hughes with his fist and tried to take a pistol away from Hughes. Whereupon, Hughes used the blackjack on him. Hughes did not request any of the train crew to help him, but one or two of them did render some help in order to stop the fight.

It is the duty of the court to determine whether there is material evidence which would justify punitive damages. American Lead Pencil Co. v. Davis, 108 Tenn. 251, 66 S. W. 1129; Walgreen Co. v. Walton, 16 Tenn. App. 213, 64 S. W. (2d) 44.

Where the pleadings and proof justify the assessment of punitive damages, the allowance of such damages is a matter of discretion with the jury. Simpson v. Markwood, 65 Tenn. 340; Ferguson v. Moore, 98 Tenn. 342, 39 S. W. 341; Louisville & N. R. Co. v. Satterwhite, 112 Tenn. 185, 79 S. W. 106; Davis v. Farris, 1 Tenn. App. 144; Grizzard and Cuzzort v. O'Neill, 15 Tenn. App. 395.

■ We think there was an abundance of proof to take this case to the jury against both defendants on the question of liability for compensatory damages and punitive damages. Louisville N. & G. S. R. Co. v. Guinan, 79 Tenn. 98, 47 Am. Rep. 279; Springer Transportation Co. v. Smith, 84 Tenn. 498, 1 S. W. 280; Eichengreen v. Louisville & N. R. R., 96 Tenn. 229, 34 S. W. 219, 31 L. R. A. 702, 54 Am. St. Rep. 833; Union Railway Co. v. Carter, 129 Tenn. 459, 166 S. W. 592; Memphis Street Railway Co. v. Stratton, 131 Tenn. 620, 176 S. W. 105, L. R. A. 1915E, 704.

The first five assignments of error are overruled.

■ Assignment No. VI is overruled because it is too general. We quote the assignment: ''The court erred in charging the jury with respect to punitive damages.''

By assignment No. VII defendants complain that the trial court charged plaintiff's special request No. 2, which reads: ''I further charge you, Gentlemen of the Jury, that the circumstances under which an officer acted must be such as that any reasonable person, acting without passion or prejudice, would have fairly suspected that the plaintiff committed the felony or was implicated in it. Mere circumstances are insufficient and mere suspicion without cause is never an excuse.''

■ This special request stated an abstract proposition of law, which did not purport to be confined to the facts of the case on trial. We think the request, as submitted, should have been refused. However, we do not think the charging of this request was reversible error, because it does not affirmatively appear that it affected the result of the trial. Code, Sec. 10654; Thomason v. Trentham, 178 Tenn. 37, 154 S. W. (2d) 792, 138 A. L. R. 461; Southern Railway Co. v. Jackson, 23 Tenn. App. 173, 129 S. W. (2d) 1094.

■ There is another reason why the giving of the special request is not reversible. If it were applied to the facts of the case on trial, the instruction was proper as far as it went, but did not go far enough, and defendants made no request for further instruction. It was incumbent upon them so to do before they could complain of a charge being too meager. Langston v. Memphis Street Railway Co., 14 Tenn. App. 288.

■ The exclusion of the following testimony by the trial court is assigned by defendants as error:

"Q. What was said, what did the doctor tell him, and what Percy said, if anything?

"The Court: The conversation between him and the doctor.

"A. They asked him to dress this boy's head, and the doctor told him he wasn't going to do that, that he used an abusive term before when he started to dress it and—

"Mr. Keefe: I object to that.

"The Court: That is incompetent.

"Mr. Roberts: We except."

This statement was immaterial and irrelevant and was properly excluded.

Defendants' witness Cowan made the following memorandum in his trainbook at the time plaintiff was injured: "10:15 P. M. 8/5/44. Found man trying to break into Southern 306672. Got Special Officer Hughes to get man away from car; this man refused to get away from car; resisted arrest; assaulted Mr. Hughes, causing Mr. Hughes to have to use blackjack on this man. Put up hard fight and Mr. Hughes had hard time conquering him."

The trial court refused to admit this memorandum in evidence and his action in so doing is assigned by de-

fendants as error. The court permitted defendants to prove the number of the car by the memorandum.

■ The employee of the railroad who made this memorandum was present at the trial and testified from his own knowledge and memory to all the facts contained in the memorandum. It was not contended that he did not remember the facts. Under these conditions, we think the trial court correctly excluded this memorandum. Tennessee Procedure, by Higgins and Crownover, Secs. 1288, 1289; Bolden v. State, 140 Tenn. 118, 203 S. W. 755; Jones Commentaries on Evidence, Second Edition, volume 5, 4685-4687, Sec. 2384; 32 C. J. S., 585-589, Evidence, Sec. 696; 20 Am. Jur., 370, Evidence, Sec. 411.

That leaves the question of the amount of damages.

■ The amount of damages is primarily a question for the jury; and their verdict is entitled to great weight in this court when the trial court has approved it, and there is no claim that the verdict is corrupt or dishonest. Lunn v. Ealy, 176 Tenn. 374, 141 S. W. (2d) 893; Sweeney v. Carter, 24 Tenn. App. 6, 137 S. W. (2d) 892, Municipal Paving & Construction Co. v. Hunt, 22 Tenn. App. 380, 123 S. W. (2d) 843; Rice-Stix Dry Goods Co. v. Self, 20 Tenn. App. 498, 101 S. W. (2d) 132.

■ If plaintiff's theory of this case is true, and the jury found it was, the beating which Hughes gave plaintiff was wholly unwarranted, unjustified, and unnecessary. Even under defendants' theory of the case—that plaintiff was drunk or crazy and tried for twenty-five minutes to break into defendant's box car in the presence of the train crew and the officers, and refused to quit when told to do so by them after they informed him who they were—it was not necessary to beat plaintiff as Hughes did.

We are entirely satisfied with the judgment of the trial court. All assignments of error are overruled and the judgment is affirmed with costs.

Felts and Howell, JJ., concur.