## DE ADDIO v. DARLING & CO.
### Civ. No. 26736.

United States District Court
N. D. Ohio, E. D.
June 17, 1952.

Motz, Morris, Wilson & Quine, Akron, Ohio, S. Burns Weston, Cleveland, Ohio, for plaintiff.

Thomas & Handy and A. W. Thomas, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This action for personal injuries was tried before a jury which returned a verdict for plaintiff. Defendant now moves for a new trial, contending (1) that the verdict of the jury was against the weight of the evidence, and (2) that the court erred to defendant's prejudice in refusing to admit testimony concerning a statement made by plaintiff in a hospital.

Upon trial the issues raised in this action resolved into issues of fact and it was the province of the jury to decide such questions. There was evidence of a convincing character, sufficient to support the findings of the jury. The verdict was not, in my view, against the weight of the evidence.

██ The testimony proffered and excluded was testimony of a patrolman with the State highway patrol. By deposition the patrolman related that he had had a "conversation" with the plaintiff in the hospital shortly after the accident. Plaintiff at that time was in a state of shock and trauma and was unable to talk because of the injuries he had sustained. In answer to inquiry by the patrolman, he wrote on a piece of paper "that he could remember nothing about the accident". The patrolman in a later deposition stated that he did not remember what was on the paper and that he had made a search for the paper but had been unable to find it. See deposition of Ralph Lanker, April 26, 1952. This hardly was an adequate showing of loss, nor was it credible evidence sustaining the fact of the existence of such communication. I think the testimony was properly excluded. There was considerable doubt as to its probative value aside from possible objections on the basis of the "best evidence rule". See Wigmore on Evidence, 3d Ed., Secs. 27, 28, 29.

██ In any event, the excluded testimony was not wholly in conflict with the testimony of the plaintiff at the trial, so that it did not have the value for impeachment purposes that defendant now claims for it. Harmless error in the exclusion of evidence is not ground for granting a new trial or for setting aside a verdict. Rule 61, Fed. Rules Civ.Proc., 28 U.S.C.A.

Motion denied.