Phyllis K. SHEPHERD and Douglas T.
Shepherd, Plaintiffs-Appellees,

v.

John P. PUZANKAS, Defendant-
Appellant.

No. 16336.

United States Court of Appeals
Sixth Circuit.

Feb. 1, 1966.

R. Hunter Cagle, Knoxville, Tenn.
(Arthur D. Byrne, Thearon Chandler,
Knoxville, Tenn., on the brief; Poore,
Cox, Baker & McAuley, Knoxville, Tenn.,
of counsel), for appellant.

Creed A. Daniel, Rutledge, Tenn. (W.
I. Daniel, Rutledge, Tenn., on the brief;
Daniel & Daniel, Rutledge, Tenn., of
counsel), for appellees.

Before EDWARDS, Circuit Judge,
CECIL, Senior Circuit Judge, and
KENT, District Judge.

CECIL, Senior Circuit Judge.

This appeal arises out of an automo-
bile accident which occurred on U. S.
Highway 11W, in the state of Tennessee,
on April 28, 1963. The plaintiff-appellee,
Phyllis K. Shepherd, was driving her
automobile west on the highway at the
time and place of the accident. John P.
Puzankas, defendant-appellant, traveling
east on the highway, lost control of his
automobile and collided with the Shep-
herd automobile in its lane of traffic.

Phyllis Shepherd and her husband,
Douglas T. Shepherd, were residents of
Texas. John P. Puzankas, hereinafter
called the defendant, was a resident of
New York. The Shepherds brought an
action against the defendant in the Unit-
ed States District Court for the Eastern
District of Tennessee, Northern Divi-
sion. Jurisdiction was based on diver-
sity of citizenship. (Section 1332(a),

Title 28, U.S.C.) The case was tried to a jury and resulted in a verdict of $25,-000 for Phyllis Shepherd, and a verdict of $2000 for her husband. The defendant appealed.

It is alleged in the complaint that

"The defendant operated his aforesaid described motor vehicle at a high, reckless, dangerous and negligent rate of speed and without the exercise of due care or caution or to circumspection and without keeping a proper lookout ahead, without having said motor vehicle under proper or adequate control, and said defendant did in the reckless, negligent and wanton manner aforedescribed, operate said motor vehicle in such manner as to lose control of same after passing another vehicle proceeding in the same direction, cross the center line of said highway and to strike the automobile operated by the plaintiff, Phyllis K. Shepherd, headon in her right and proper lane of travel, striking the same with great force and violence."

It is further alleged that the defendant operated his motor vehicle "in open, willful and flagrant violation of certain statutes [1] of the State of Tennessee."

There was evidence in the record that the highway was wet and slick and that the defendant was traveling at a high rate of speed, that he passed three cars and that he cut back in his lane of traffic just ahead of a car immediately ahead of the Shepherd automobile. It was at this point that he lost control of his car and crossed into the lane of the oncoming Shepherd vehicle. The trial judge instructed the jury, "(I)f you find that this defendant was guilty of willful, wanton, gross negligence you have the right to assess what is known in the law as punitive damages." He then correctly explained gross negligence and punitive damages.

Objection is made on behalf of the defendant that the court erred in instructing the jury that it had the right to assess punitive damages. In support of this objection, it is claimed that the proof did not sustain such a charge and that the plaintiffs did not contend in their complaint, the pretrial order or upon the trial that the defendant was guilty of gross negligence or that they were entitled to punitive damages.

■ The language of the complaint is broad enough to cover a charge of gross negligence and there is ample evidence in the record to support such a charge. There is nothing in the pretrial order which would prohibit an instruction on gross negligence and punitive damages. Under the law of Tennessee where gross negligence is pleaded and there is evidence to support it, the question of punitive damages is properly submitted to the jury. In American Lead Pencil Co. v. Davis, 108 Tenn. 251, 254, at page 255, 66 S.W. 1129, at page 1130, the court said:

"Gross negligence, then, is undoubtedly one ground for the allowance of punitive or exemplary damages; * * *"

See also Memphis Street Railway v. Shaw, 110 Tenn. 467, 478, 75 S.W. 713; Choctaw, Oklahoma and Gulf Railroad Co. v. Hill, 110 Tenn. 396, 406, 75 S.W. 963; Lazenby v. Universal Underwriters Ins. Co., 214 Tenn. 639, 646, 383 S.W.2d 1; Caccamisi v. Thurmond, 39 Tenn.App. 245, 270, 282 S.W.2d 633.

In Caccamisi v. Thurmond, heretofore cited, at p. 272, 282 S.W.2d at p. 646, the court quoted from Baker v. Bates, 4 Tenn.Civ.App. 175, as follows:

"It is not necessary that these damages (punitive damages) be claimed *eo nomine*. It is sufficient, if the facts alleged justify their recovery."

---

1. Section 59–816, Tenn.Code Ann., Passing vehicles proceeding in opposite directions. Section 59–823, Tenn.Code Ann., Driving on roadways laned for traffic. Section 59–858, Tenn.Code Ann., (a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.
   (b) Penalty provisions.

Assuming that the trial judge was in error in instructing the jury on punitive damages, it was a harmless error and did not affect the substantial rights of the defendant. Rule 61 Federal Rules of Civil Procedure. American Lead Pencil Co. v. Davis, supra, 108 Tenn. at 257, 66 S.W. 1129; Butler v. Barrett & Jordan, C.C., 130 F. 944, 949; Philadelphia & W. C. Traction Co. v. Kordiyak, 171 F. 315, 318, C.A. 3; Sucher Packing Co. v. Manufacturers Casualty Ins. Co., 245 F.2d 513, 522, C.A. 6, cert. den. 355 U.S. 956, 78 S.Ct. 541, 2 L.Ed.2d 531; Gillis v. Keystone Mut. Casualty Co., 172 F.2d 826, 830, 11 A.L. R.2d 455, C.A. 6, cert. den. 338 U.S. 822, 70 S.Ct. 67, 94 L.Ed. 499; E. I. Dupont De Nemours & Co. v. Wright, 146 F.2d 765, 768, C.A. 6, cert. den. 324 U.S. 873, 65 S.Ct. 1017, 89 L.Ed. 1426; DeAddio v. Darling & Co., D.C., 112 F.Supp. 166, 167, affirmed 204 F.2d 272, C.A. 6.

In returning the verdict, the foreman of the jury specifically stated that the jury did not allow anything by way of punitive damages. We agree with the trial judge that since the jury disallowed punitive damages the issue has become moot.

Another assignment of error is that the amount of damages awarded to Phyllis Shepherd by the jury is excessive and that the trial judge abused his discretion in not granting a new trial. The trial judge heard the evidence and he had an opportunity to observe the plaintiff Phyllis Shepherd on the witness stand. In denying the motion for new trial he enumerated her injuries which were supported by the record and were such as to justify the verdict of the jury.

In Montgomery Ward & Co. v. Morris, 273 F.2d 452, 453, C.A. 6, we said:

"The power of this Court to review and set aside an order of the District Court overruling a motion for a new trial based on alleged excessive damages, is very limited. (Citations omitted) It is not sufficient that the verdict is considerably larger than we think it should have been. In the absence of a showing of passion and prejudice on the part of the jury, the trial court's action in overruling a motion for a new trial where a factual question is involved, will not be reviewed by this Court unless it involves an abuse of discretion."

See also Morton Butler Timber Co. v. United States, 91 F.2d 884, 891, C.A. 6; Spero-Nelson v. Brown, 175 F.2d 86, 89, C.A. 6; Werthan Bag Corp. v. Agnew, 202 F.2d 119, 122–123, C.A. 6; Cross v. Thompson, 298 F.2d 186, 187, C.A. 6; Fairmount Glass Works v. Fork Coal Co., 287 U.S. 474, 481–483, 53 S.Ct. 252, 77 L.Ed. 439; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 247, 60 S.Ct. 811, 84 L.Ed. 1129; Tennant v. Peoria & Pekin Union Railway Co., 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520.

We find no abuse of discretion here on the part of the trial judge, in denying the motion for a new trial on the ground of excessive damages.

The judgment of the District Court is affirmed.